IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

KENNETH M. LEWIS,

        Petitioner

VS.

ANDY SELLERS, WARDEN,

        Respondent

**NO. 5:07-CV-115 (CAR)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent ANDY SELLERS' Motion to Dismiss the above-styled habeas corpus action. Tab #9. The respondent's motion alleges that petitioner KENNETH M. LEWIS has **failed to exhaust state remedies** as required by 28 U.S.C. §2254(b) and (c) and ***Rose v. Lundy***, 455 U.S. 509 (1982). Despite being advised of his right to respond to the respondent's motion (Tab #12), petitioner Lewis has failed to do so. The time for filing a response has long since passed.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (*citing **Ex Parte Royall***, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (*quoting **Fay v. Noia***, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

The respondent contends that Lewis has failed to raise in any state habeas corpus court *any* of the grounds for which he currently seeks relief and, as mentioned earlier, the petitioner has failed to respond to the respondent's motion or refute any of the respondent's assertions.

Accordingly, IT IS RECOMMENDED that the respondent's Motion to Dismiss be **GRANTED** and the instant petition be **DISMISSED** *without prejudice* to his right to refile once he has exhausted his state remedies, PROVIDED he is otherwise permitted by law to so proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge of this court to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof..[1]

SO RECOMMENDED this 7th day of November, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] All dismissals for failure to exhaust state remedies must be without prejudice.